Roaxe, Judge.*
The court is of opinion that according to the true construction of the will of Edward W, Trent, a charge was created upon the whole estate, for the payment of his debts. It was created by these words in that will,—“I direct the payment of all my just *188 debts;” and is not retracted by the subsequent selection of a part of his estate, to be sold for that purpose. The devise being in the first instance pure and simple, for the payment aforesaid; is not made conditional by what follows in another sentence, and respected the peformance, an(j ho£ t|ie Sllbstance of the grant; which regarded rather the mode in which the payment should be made, than the question whether the payment should be made at ail. Nor is this construction varied by the probable mistake uuder which the testator laboured as to the sufficiency of the property selected to pay the debts aforesaid. Estimating that property by the very high scale of value, by which he estimated bis whole estate, and which the peculiar character of the times justified, there could be no doubt in his mind of its adequacy; and if so, his will did not contemplete a contrary state of things, nor, consequently, revoke the unqualified charge in it, before noticed.
The court is further of opinion that, exclusive of that, charge, the result would probably be produced, by the express charge upon all the testator’s property in favor of the debts due to the banks, and by the consequent right of his other creditors to throw the bank creditors upon the other and ulterior property, so as to get satisfaction,» themselves, out of the property which was particularly charged and selected.
It is further the opinion of the court that the whole estate of the testator, not specifically devised or bequeathed is charged by his will to pay the legacy or annuity of $1500 per annum, given to the appellee. We are to consider it, because this fact is charged and relied on in the supplemental bill, and because sufficient facts are disclosed in the testimony, in relation to the insufficiency of the personal estate, to shew that this must have been intended by the testator. If he meant the legacy to be paid at all, he must have intended that it should be *189 charged on the realty: yet this charge should not rest exclusively on the bridge now in question, not only because there are no words in the. will so as to restrict it, hut because an annuity which was intended for the maintenancc and support of the widow, for life, ought not to depend on the existence of a subject which is of a nature peculiarly destructible. The appellee is therefore in? the condition of a legatee having her legacy charged upon land, and her claim as such, must be postponed to those of the creditors having a lien upon the same subject.
We cannot consider that the appellee has a claim upon the bridge in question, in part of her right of dower in the real estate; nor that the annuity in question was intended to be in lieu of dower, and therefore (as it might he contended,) has a pre-eminence over a mere and simple legacy. Hi either of these grounds of claim is asserted by the bill or proved by the testimony. We cannot make the appellee’s case better than she has made it. We cannot injure the appellants by sustaining grounds of claim which were neither charged nor proved on the part of the appellees, nor could have been regularly disproved by the appellants, as they were not put in issue by the pleadings. We can only consider the appellee’s claim, upon this record as a simple legacy.
Subject in common with all the other real estate to pay the debts of the testator, and this legacy in subordination to those debts, the bridge in question descended to the present appellants. They took it, liable to the charge aforesaid, and they only in the first instance were entitled to the possession. The possession ensures to them, not only on general principles, but by a construction growing out of the particular provisions of the will in question. A general right of possession in the appellee, of the bridge aforesaid, is inconsistent wi Hi that provision in the will, which gives to her the use of it for particular *190 purposes. The right of possession thus doubly guaran» teed to the present appellants, ought not to be disturbed, until a change of possession should be made necessary, in fulfilment of the charge imposed on this property by the will; or until some mismanagement thereof, or misapplication of its profits, should render it improper that the appellees should hold the possession any longer. In either of these events however, the case ought to be previously made out, to justify the interposition of the court. Until the change shall be shewn to be necessary, the regular’ principles of the common law, in relation to the possession ought not to be departed from. They ought pot, especially in this case, in which the appellants have' superadded to their characters of heirs, that of extensive creditors.. ■ Nor ought this peculiar kind of property which is always in want of repairs, and is emphatically liable to destruction, to have been lightly taken from the owners, and put into the hands of a mere bailiff. The permanent interest of all the parties would strongly lean against such a proceedure.
We are therefore of opinion, that the change of possession of the bridge in question wras, in this case, irregular and premature. Circumstances had not yet been disclosed to the court, sufficient to justify a change of that possession. It had not yet been shewn that the appellants were misapplying the profits of the bridge; or that they had been required, or had refused to give security for the due application thereof. The main ground of the present proceeding was on account of the appellee herself. Without either charging or proving, that she had any claim of greater dignity than that of a mere legatee, she gets in the van of the creditors, and claims to possess and occupy for her own use, property which may eventually be exhausted by them. So far as respects her own rights, she asks a decree from the court which is not justified by the premises she has established; and which may *191 never be proper, on account of the superior and conflicting lights of the creditors.
We are therefore of opinion, the decree is erroneous, and ought to be reversed, so far as it conflicts with the foregoing principles} that the injunction should be dissolved} the possession of the bridge restored to the appellants, and the cause remanded to he further proceeded in, pursuant to the principles stated in this decree.

 Brooke absenfc